**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ERIC LEVERN TIMMONS, | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-01443-XR |
| -vs- | § | |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| *Defendant* | § | |
| | § | |

## <u>ORDER</u>

On this day, the Court considered the status of this case. After careful consideration, the Court **DENIES** Defendant's motion to dismiss (ECF No. 5) and Defendant's March 12, 2024 motion to strike (ECF No. 30) and March 13, 2024 motion to strike (ECF No. 32). The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's February 1, 2024 motion to strike (ECF No. 21).

## BACKGROUND

*Pro se* Plaintiff Eric Timmons filed this action against his former employer, Defendant Southwest Research Institute, alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). *See* ECF No. 1 at 3.

On December 20, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5. The EEOC issued a Notice of Right to Sue Letter ("EEOC Letter") to Plaintiff on August 8, 2023. *Id.* at 8. Plaintiff's deadline to file suit 90 days later thus fell on November 6, 2023. Plaintiff sent his Complaint to the Court by certified mail to initiate this action on November 1, 2023, but the Court did not receive his Complaint until November 15, 2023—nine days after the filing deadline. ECF No. 6 at 1; ECF No. 1-3. Plaintiff

1

received a return receipt on November 7, 2023, incorrectly stating that the Complaint had been delivered to the Court on November 3, 2023. ECF No. 6 at 2, ECF No. 11 at 1.

On March 8, 2024, Plaintiff submitted an inquiry to the U.S. Postal Service, requesting that they investigate why he received a return receipt indicating delivery on November 3, 2023 when, in fact, the Complaint was not delivered to the Court until November 15, 2023. *See* ECF No. 29 at 1. On March 11, 2024, the Postal Service emailed Plaintiff stating that their letter carrier had delivered the Complaint to the wrong location. *See* ECF No. 31 at 2. The email also stated that the Complaint would have been delivered on November 3, 2023 "had it not gotten a delivery scan at the wrong location." *Id.*

On December 19, 2023, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are time-barred. ECF No. 5. For the reasons explained below, the Court finds it appropriate to apply equitable tolling and accept Plaintiff's Complaint. Accordingly, the Court **DENIES** Defendant's motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the

relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## ANALYSIS

### A.  Motion to Dismiss

A plaintiff alleging employment discrimination must file a civil action no more than 90 days after he receives statutory notice of his right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA). The Fifth Circuit

has repeatedly held the requirement to file a lawsuit within the 90-day limit is strictly construed and is a precondition to filing suit in district court. *Duron v. Albertson's LLC*, 560 F.3d 288, 289 n.1 (5th Cir. 2009). Here, Plaintiff initially represented that he received the EEOC Letter on August 8, 2023.[1] ECF No. 1 at 7. Plaintiff was thus required to file his lawsuit by November 6, 2023. The Court did not receive his Complaint until November 15, 2023, outside the applicable limitations period. *See* ECF No. 1.

However, the 90-day limit is subject to equitable tolling. *Baldwin v. Barre*, 299 F. App'x 444, 445 (5th Cir. 2008). The doctrine of equitable tolling is applied in rare and exceptional circumstances where strict application of a statute of limitations would be inequitable. *Id.* Generally speaking, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing.'" *Jefferson v. Haza Foods*, No. 3:17-CV-00359, 2018 WL 5268756, at *4 (S.D. Tex. Oct. 5, 2018) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)).

The Fifth Circuit has also outlined a list of potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of their rights. *Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995). The Fifth Circuit has acknowledged that this list is non-exhaustive and that other rare and exceptional

---

[1] On January 28, 2023, Plaintiff submitted an advisory to the Court, explaining that while the EEOC Letter was dated August 8, 2023, the EEOC Letter had not actually been delivered to him until August 18, 2023. ECF No. 15. However, as Plaintiff conceded at the status conference held on March 7, 2024, Plaintiff does not possess any records substantiating this receipt date. When the date of receipt is disputed, the Fifth Circuit has presumed "that the letter was received within three to seven days after it was mailed." *See Bowers v. Potter,* 113 Fed. App'x 610, 612–13 (5th Cir. 2004). Even providing this benefit to Plaintiff, his Complaint still would not have been timely filed.

circumstances may arise that warrant equitable tolling. *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644–45 (5th Cir. 1988).

In the instant case, Plaintiff diligently mailed the Complaint prior to the deadline. ECF No. 6. He sent the Complaint by certified mail and relied upon a return receipt from the U.S. Postal Service confirming delivery to the Court on November 3, 2023. *Id.* at 2. At Plaintiff's request, the U.S. Postal Service investigated why he received a signed return receipt affirming a November 3, 2023 delivery date when the Court did not actually receive the filing until November 15, 2023. ECF Nos. 29, 31. In a March 11, 2024 email, the U.S. Postal Service informed Plaintiff:

> After a thorough investigation, it seems the letter carrier delivered the certified letter on 11/03/2023 across the street to Federal Immigration Court at 800 Dolorosa 78207. The certified letter did not get back to the letter carrier till the 11/15/2023 and that is when the carrier went to deliver the certified letter to the correct address at 262 W Nueva. The letter would have been delivered on 11/03/2023 had it not gotten a delivery scan at the wrong location. Both locations are Federal courts but 800 Dolorosa is a suite and took awhile for them to give us back the letter as they have several certified mail coming in daily. Sorry, again, for the inconvenience, Mr. Timmons. I hope this email will suffice for the any wrong doing on our part, sir.

ECF No. 31.

Courts "routinely deny equitable tolling of filing deadlines when the plaintiff's preferred filing methods become inconvenient or unusable but other methods remain available." *Bouchlal v. Pro. Auto. Relocation Servs.*, No. 3:23-CV-01280-K, 2024 WL 1257495, at *4 (N.D. Tex. Mar. 25, 2024) (collecting cases). For example, in *Wilson*, the Fifth Circuit found equitable tolling inappropriate where the plaintiff alleged "overseas mailing delays caused her appeal to be untimely" because plaintiff "fail[ed] to explain why she could not have avoided overseas mail and communicated via telephone or facsimile machine." 65 F.3d at 405. The Court finds that the case at hand is distinguishable from these cases.

In *Wilson,* the Court explained that "[plaintiff] claims to have acted with all due diligence but she provides no support for this contention." *Id.* In contrast, Plaintiff elected to send his Complaint via certified mail for tracking purposes and then provided the Court with a return receipt from the U.S. Postal Service certifying that his Complaint had been delivered by the required deadline on November 3, 2023. ECF No. 11 at 2. There is no evidence in the record that Plaintiff had any reason to doubt the U.S. Postal Service's certification of timely delivery.

With respect to a circumstance outside of Plaintiff's control, Plaintiff is not merely speculating that the Complaint would have arrived in a timely manner but for the Postal Service's error: he provided the Court with an email from the U.S. Postal Service affirming that the Complaint "would have been delivered on 11/03/2023 had it not gotten a delivery scan at the wrong location." ECF No. 31. To deny equitable relief to Plaintiff in this instance would be to suggest that *pro se* plaintiffs do not act diligently unless they independently verify the accuracy of certified mail receipts from the U.S. Postal Service. The Court declines to take that step. *See Lugo-Resendez v. Lynch,* 831 F.3d 337, 344 (5th Cir. 2016) (finding that pursuing rights diligently requires "the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence") (internal quotation marks and citations omitted).

Finally, because *pro se* complaints should only be dismissed under Rule 12(b)(6) "if it is beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief," the Court finds equitable tolling appropriate. *Waller v. Salvation Army*, No. 3:20-CV-1336-M-BK, 2021 WL 1111161, at *1 (N.D. Tex. Mar. 8, 2021) (applying equitable tolling to the 90-day EEOC filing deadline for *pro se* complainant).

These are rare and exceptional circumstances that were outside Plaintiff's control. For that reason, a strict application of the 90-day statute of limitations would be inequitable, and thus tolling is appropriate. Accordingly, Defendant's motion to dismiss is **DENIED**.

### B. Motions to Strike

Defendant also filed three separate motions to strike. *See* ECF Nos. 21, 30, 32.

In its February 1, 2024 motion to strike (ECF No. 21), Defendant requests that the Court strike what Plaintiff has labelled "2nd Response to Motion to Dismiss" (ECF No. 11) and "3rd Response to Motion to Dismiss" (ECF No. 15).[2] Defendant asserts that the Local Court Rules for the Western District of Texas only permit a single response to a motion to dismiss and also mandate, "A party may file a reply in support of a motion. Absent leave of court no further submissions on the motion are allowed." *See* L. R. CV-7(D)(1)–(E)(1). In addition, Defendant requests that the Court strike Plaintiff's duplicative filings (ECF Nos. 10, 12).

Defendant then filed two additional motions to strike, citing this same Local Rule. *See* ECF Nos. 30, 32. In its March 12, 2024 motion to strike (ECF No. 30), Defendant asks the Court to strike Plaintiff's March 8, 2024 "Advisory to the Court" (ECF No. 29), which notifies the Court that Plaintiff requested that the U.S. Postal Service explain why the certified mail receipt was signed on November 3, 2023. In its March 13, 2024 motion to strike (ECF No. 32), Defendant requests that the Court strike Plaintiff's March 11, 2024 "Advisory to the Court" (ECF No. 31), which attaches the U.S. Postal Service's explanation for the delay in delivering Plaintiff's Complaint to the Court.

---

[2] Although labelled as additional responses to motions to dismiss, Plaintiff's filings are more accurately characterized as advisory letters to the Court. In the "2nd Response to Motion to Dismiss," Plaintiff writes "I am submitting further evidence that the document did arrive before the 90-day deadline as prescribed by the EEOC" and attaches an additional tracking form from the U.S. Postal Service. *See* ECF No. 11 at 1, 3. In the "3rd Response to Motion to Dismiss," Plaintiff writes to inform the Court that he has "gone back through my records" to determine when he received his EEOC Letter. ECF No. 15 at 1.

Because of Plaintiff's *pro se* status, the Court **DENIES** Defendant's March 12, 2024 motion to strike (ECF No. 30) and March 13, 2024 motion to strike (ECF No. 32). Federal courts have a "traditional disposition of leniency toward *pro se* litigants." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Specifically, the Fifth Circuit has instructed, "where the law affords courts discretion as to how a particular rule is to be applied, courts must exercise such discretion with leniency towards unrepresented parties." *Davis v. Hernandez*, 798 F.3d 290, 293 (5th Cir. 2015); *see also Campos v. Sales*, No. 2:23-CV-00119, 2023 WL 6164422, at *4 (S.D. Tex. June 8, 2023) ("*Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law."). Accordingly, the Court construes Plaintiff's challenged filings as permissible advisory letters to the Court and elects not to interpret the Local Rules so narrowly as to preclude Plaintiff from presenting relevant evidence to the Court. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (construing *pro se* plaintiff's improper "Motion for the Return of U.S. Currency" as a civil complaint because plaintiff's "*pro se* pleading must be treated liberally as seeking the proper remedy").

The Court also **DENIES** Plaintiff's February 1, 2024 motion to strike (ECF No. 21), with respect to its motions to strike Plaintiff's "2nd Response to Motion to Dismiss" (ECF No. 11) and "3rd Response to Motion to Dismiss" (ECF No. 15) for the same reasons. However, the Court **GRANTS** Plaintiff's February 1, 2024 motion to strike (ECF No. 21), with respect to its request to strike the identified duplicative documents (ECF Nos. 10, 12). The Court will also *sua sponte* strike Plaintiff's duplicative filings docketed after this motion was filed (ECF Nos. 25, 26). To avoid duplicative filings moving forward, the Court instructs Plaintiff Timmons to file his materials either electronically or by mail (but not both).

**CONCLUSION**

For the reasons detailed above, the Court **DENIES** Plaintiff's motion to dismiss (ECF No. 5) and Plaintiff's March 12, 2024 and March 13, 2024 motions to strike (ECF No. 30, 32). Plaintiff's February 1, 2024 motion to strike (ECF No. 21) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is **DIRECTED** to strike the following duplicative filings: ECF Nos. 10, 12, 25, and 26.

It is so **ORDERED**.

**SIGNED** this 29th day of April, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE